WHITE, J.,
stated the Case, and delivered the opinion of the Court:
The petitioner, Brookes Baker, was presented by a Grand Jury, duly impanelled and sworn in a Court of Quarter Sessions of the county of Prince Edward, for an assault and battery, committed on a certain Nancy Davis. Upon this Presentment, an Information was duly and properly filed by order of that Court; an issue joined on the plea of “ not guilty,” and that issue, found for the Commonwealth.
On the trial of this Case, the Attorney prosecuting for the Commonwealth, produced the said Nancy Davis as a witness, to whose admission the Defendant’s Counsel objected, because the Presentment was found on her voluntary information, and she was answerable for the costs ; which objection was overruled, and an exception taken.
After the verdict was rendered, the Counsel for the said Defendant moved the Court for a new trial, which was refused ; whereupon, he moved the Court for leave to take down the evidence given on the trial, and spread it on the record; which motion was also overruled.
Under these circumstances, he applied in vacation to, and obtained from, a Judge of the General Court, a Writ of Error and Super-sedeas ; and afterwards, at the April Term, in the present year, the said Superior Court adjourned the following questions arising in the said cause, to this Court, for novelty and difficulty :
1. Is the prosecutrix a competent witness to prove the off en ce stated in the In formation ?
2. Ought the County Court, under the circumstances, and at the time stated, to have spread the evidence on the record ?
*3. May a Judge in vacation order a Writ of Error, as was done in this cause ?
Whereupon, this Court having maturely considered the premises, doth unanimously decide:
1. That the prosecutrix is a competent witness to prove the offence stated in the Information.
2. That the said County Court ought not, under the circumstances, and at the time *268 stated, to have spread the evidence on the record.
3. That a Judge may not in vacation award a Writ of Error.
All of which is ordered to be certified to the said Superior Court!